MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: Cathy@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 4

In Re:                                ) Chapter 7
                                      )
ROSEMARY GREENE,                      ) Bankruptcy No. 12-49009
                                      )
                                      ) Date: March 7, 2018
                                      ) Time: 10:30 a.m.
                                      ) Room: Room 220
            Debtor.                   )
_____ ) HON. WILLIAM J. LAFFERTY

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
FOR VIOLATION OF DISCHARGE**

This motion is brought to enforce the provisions of the discharge granted to Debtor and Movant Rosemary Greene. Maya Kante is Debtor's daughter and Bosco Kante is Ms. Kante's significant other (collectively, "Kante").

Greene, an 80 year old single woman, is currently a debtor in a Chapter 13 case, Case Number 17-41704. A central issue in that case is a series of transactions whereby the Kante's purported to make loans to Debtor, to manage her rental properties and/or to use her properties to operate a short term rental business along the model of AirBandB. The terms of those agreements effectively left Debtor without funds to service the debt on her home at 800 Hansom Street, Oakland.

Kante knew of Debtor's financial condition, helped her locate a bankruptcy attorney, and assisted in supplying information underlying the bankruptcy schedules. Those schedules omitted Kante, despite a 2007 agreement between Debtor and Kante by

which Kante would advance funds, manage the conversion of debtor's four-plex at Greenridge, Oakland, and rent for Kante's benefit, some of the Greenridge units. See October 15, 2007 agreement ("2007 Agreement") attached to Exhibit 1 to the Request for Judicial Notice.

Greene filed Chapter 7 on November 6, 2012. The case was a no asset case [Docket entry 12/12/2012] and Greene obtained a discharge on March 12, 2013.

Despite actual knowledge of Greene's Chapter 7 case, Kante filed a proof of claim in Greene's Chapter 13 case which asserts a claim for $225,000 tied to the 2007 Agreement. See Request for Judicial Notice Exhibit 1 Claim #5 Attachment 1.

Attachment 3 to that Proof of Claim is a Kante-authored agreement between himself and Debtor dated March 13, 2013, immediately following entry of Greene's discharge, that purported to obligate Debtor for debts between the parties that predated the Chapter 7. See Request for Judicial Notice Exhibit 1 Attachment 3. This agreement, starting with Paragraph 14, attempts to have Debtor reaffirm, without court approval, a debt of $131, 450 to Kante.

Counsel for Debtor raised the issue of the earlier discharge with Kante's bankruptcy counsel. In the course of that correspondence, counsel for Kante acknowledged that Kante knew about the Chapter 7. However, Kante has neither amended his claim to remove the pre-bankruptcy debts nor brought an action, as he claims he's entitled to, to determine that Greene's obligations to him were incurred by fraud and are thus entitled to survive the discharge. So, the violation of the discharge continues.

**LEGAL ARGUMENT**

**I.  Standard for discharge violation**

One who knowingly violates the Code's discharge injunction may be held in contempt under § 105(a). *Zilog, Inc. v. Corning (In re Zilog)*, 450 F.3d 996, 1007 (9th Cir. 2006) (citing *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002)). To constitute contempt, the alleged condemner must know of the discharge and must intend the act that violates the discharge. Both of those conditions are met in this case.

## II. Kante claims discharged in Chapter 7

Claims of unscheduled creditors are discharged when the Chapter 7 case is a no-asset case. *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir. 1993).

In the present case, Kante, in fact, had actual knowledge of the Chapter 7 filing. He recommended that Greene file bankruptcy, he located a bankruptcy lawyer for her, and he assisted in supplying the information required to prepare the schedules.

In the course of the Chapter 13 case, counsel for Kante confirmed in writing that Kante knew of the Chapter 7 case. Even should Kante claim that he has a claim that the debts owed to him were incurred by fraud and therefore potentially non dischargeable, the doctrine of laches should defeat that claim. See Beaty v. Selinger, 306 F.3d 914 (9th Cir. 2002).

## III. Filing a proof of claim on discharged debt is act to collect debt

Section 524(a)(2) provides that the discharge

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

Filing a proof of claim in a subsequent bankruptcy is an act to collect a debt if the debt was discharged in a prior case. *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313 (11th Cir. 2015).

## IV. Post petition agreements that incorporate discharged debts are void

The 2013 Agreement explicitly attempts to reimpose Debtor's personal liability for claims arising out of pre petition transactions. That agreement is dated days following entry of the debtor's discharge. The timing is highly suggestive of an effort to execute an end-run around the bankruptcy court and its duty to examine reaffirmation agreements to determine that they are in the best interests of creditors.

It is clear that any agreement that attempts to revive a discharged debt without the approval of the bankruptcy court is unenforceable. Just as actions in violation of the automatic stay are void, so actions in violation of the discharge are void. *See Gurrolo*, 328

B.R. 158 (9th Cir. BAP 2005) (judgment entered post discharge on prepetition debt was void under 523(a)(1)). And where the discharged debt forms an integral part of the offending agreement, it is appropriate to void the entire agreement. Otherwise the court is left to attempt to reconstruct a deal made on the assumption that part of the consideration for the agreement was an unenforceable debt.

**V. Debtor has suffered damages as a result of violation of discharge**

As a result of Kante's attempts to collect prepetition debts, Debtor has suffered emotional damage and degradation of her health. She has incurred attorneys fees in opposing the claim in her Chapter 13 and in reopening this case and bringing this motion. She is entitled to be made whole for these damages.

**CONCLUSION**

Kante has, with knowledge of the discharge, taken intentional actions to collect debts discharged in this bankruptcy case. This court should enforce its discharge order and award Debtor a sum to compensate her for her damages resulting from the violation, including physical and emotional harm; attorneys fees incurred herein, and the costs associated with this motion.

MORAN LAW GROUP

Date: 02/02/2018    /s/ Cathleen Cooper Moran
                    CATHLEEN COOPER MORAN
                    Attorney for Rosemary Greene