UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re: Rosemary Greene

Chapter 7

Bankruptcy No. 12-49009 WJL

EXHIBIT 1

EXHIBIT 1

**Fill in this information to identify the case:**

Debtor 1  Rosemary Greene

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Northern District of California**

Case number:  **17−41704**

FILED

U.S. Bankruptcy Court
Northern District of California

9/25/2017

Edward J. Emmons, Clerk

## Official Form 410
## Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1:  Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Bosco Kante and Maya Kante<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor    Maya Greene, Bosco Kante, Maya Kante |
| **2. Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Bosco Kante and Maya Kante<br>Name<br><br>465 Canyon Oaks Dr, Apt F<br>Oakland, CA 94605<br><br>Contact phone ____323−481−7372____<br>Contact email ____boscokante@gmail.com____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Contact phone _____<br>Contact email _____ |
| **4. Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____<br>       MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

Official Form 410                         Proof of Claim                         page 1

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. **How much is the claim?** | $ 1429980.00  **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>see attached (contract, money owed, fraud, conversion, wrongful eviction |
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br>☒ Yes. **Amount necessary to cure any default as of the date of the petition.** $ 101950.00 |
| 11. **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

Official Form 410        Proof of Claim        page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the lawl imits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies  $ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    9/25/2017

MM / DD / YYYY

/s/ Bosco Kante, Maya Kante

Signature

Print the name of the person who is completing and signing this claim:

Name    Bosco Kante, Maya Kante

First name    Middle name    Last name

Title

Company

Identify the corporate servicer as the company if the authorized agent is a servicer

Address    465 Canyon Oaks Dr, Apt F

Number   Street
Oakland, CA 94605

City   State   ZIP Code

Contact phone    3234817372    Email    boscokante@gmail.com

Official Form 410          Proof of Claim          page 3

Kante Proof of Claim Attachment, In Re Rosemary Greene 17-41704

| ACTUAL DAMAGES | |
|---|---|
| Money owed pursuant to Oct 15th, 2007 Agreement | $225,000 |
| Money owed pursuant to two (2) Feb 2014 contracts | $101,950 |
| Money owed pursuant to two (2) Feb 2014 contracts | $22,530 |
| Money oweds pursuant to Settlement Split Agreement dated 2/19/2015 | $7,500 |
| **Total** | $356,980 |

| TORT DAMAGES | |
|---|---|
| Wrongful Eviction | |
| Conversion of Vacation Rental Business | |
| Conversion of Furniture & personal effects | |
| Unfair competition (UCL) (restitution) | |
| Landlord illegal lockout Torts (Restitution, Emotional Distress) | |
| Unjust Enrichment | |
| Breach of covenant of good faith and fair dealing | |
| Civil Conspiracy with Mark Attarha, David Roth, & Greg Gewalt | |
| Defamation/Libel/Slander | |
| Breach of Fiduciary Duty | |
| Interference with contractual relations | |
| Interference with prospective advantage | |
| Intentional Infliction of Emotional Distress | |
| Punitive Damages | |
| Intentional Fraud | |
| Quantum Meruit | |
| **Total Tort** | **$1,073,000** |

# Greenridge Condo Conversion
# Project Management Deal Memo

October 15th, 2007

Hereinafter Rosemary Greene shall be referred to as "Owner" and La Vida Dolce Development Company shall be referred to as "Project Manager" or "PM",

1. **Services:** PM will provide all Project Management and Administration (excluding Real Estate Broker Services) to complete conversion and sale of all four units at 8009 Greenridge Dr., Oakland, CA 94605 ("The Property").

2. **Owner:** Owner shall make best effort to cooperate and provide information needed for PM to complete Services.

3. **Cost:** The projected cost of all repairs and upgrades is necessary for conversion and sale is $100k. All repairs and upgrades shall be mutually approved. The attached Schedule of Repairs and costs are mutually approved.

4. **Budget/Financing:** PM shall pay all Costs up to $100,000. These costs shall be reimbursable from the sale or as described below.

5. **Sale of Units:** Owner shall place the units for sale no later than 60 days from completion of the Schedule of Repairs.

6. **Sales Price:** Sales prices for the units shall be set by mutual agreement of Owner and PM. The projected combined sales price of all four condos is approximately $1.4M.

7. **Compensation:** Owner shall pay PM a Fee of $50k plus a Commission to be calculated as follows:

   Commission = 50% x (Sales Price – $1.35M + $100k – Costs)

   (The basic premise being that Owner and PM will share additional profits equally)

   Costs are defined as costs authorized by Owner & PM and paid by PM.

   If the Sales Price is less than 1.35M and the Costs are greater than $100k, the Commission shall be zero, the foregoing notwithstanding.

   *Example #1: If the Sales price of all four units combined equals $1.4M and $100k was spent on Costs, then the Commission would be $25k as calculated below.*

   *50% x (1,400,000 – 1,350,000 + 100,000 – 100,000) = 25,000*

*Example #2: If the Sales price of all four units combined equals $1.35M and $75k was spent on Costs, then the Commission would be $12.5k as calculated below.*

$$50\% \; x \; (1,350,000 - 1,350,000 + 100,000 - 75,000) = 12,500$$

*Example #3: If the Sales price of all four units combined equals $1.45M and $100k was spent on Costs, then the Commission would be $50k as calculated below.*

$$50\% \; x \; (1,450,000 - 1,350,000 + 100,000 - 100,000) = 50,000$$

8. **Lien:** Owner shall provide a lien against the property for the benefit of PM equaling the Costs plus the Fee of $50,000.

9. **Repayment/Refinance:** If after six months from the date of this agreement, the Schedule of Repairs is complete and all units have not been sold, Owner shall repay to PM the Costs and the Fee ($50,000) within 60 days. No additional encumbrances, liens, or loans shall be taken against The Property prior to repayment to PM of the Costs and the Fee.

10. **Minimum Sales Price:** If Schedule of Repairs is complete and all units have been placed for sale and no offers above $320,000 have been made on any of the units as of eight months from the date of this agreement, then only 50% of the Fee shall be due for immediate repayment under section 9. above. The balance of the Fee shall be due upon sale of the first two units.

11. **Sales Process /Funds Disbursement:** Owner shall direct escrow to repay PM for the Costs and the Fee from the sale of the first two units. The Commission shall be paid from the sale of the second two units.

    *Example: Unit 1 & Unit 3 are sold for $340k and $360. $500k of the sale proceeds is used to pay of the first mortgage. $150k is paid to PM for the Costs and the Fee. $50k is paid to Owner. Unit 2 is sold for $360k. An estimated 50% of the Commission is paid from the sale using the following formula*

    *Part 1 of Commission = ½ x 50% x (Sales Price – ¾ x 1,350,000 – 100,000 – Costs)*

    *Or*

    *Part 1 of Commission =½ x 50% x (1,060,000 – ¾ x 1,350,000 – 100,000 – 100,000) = $11,875*

    *Finally Unit 4 is sold for $340k.*

    *Part 2 of Commission = 50% x (Sales Price – $1.35M + $100k – Cost) – Part 1 of Commission*

    *Or*

*Part 2 of Commission = 50%  x (1,400,000 – $1,350,000 + $100,000 – 100,000) – 11,875 = $13,125*

*for a total Commission of $25,000.*

12. **Formal Agreement:** Owner and PM agree to enter into a more formal agreement which will be negotiated in good faith keeping with the original intent of this Deal Memo.

Accepted and Agreed to:

_Rosemary Greene_          _Oct 25, 2007_

Rosemary Greene "Owner"          date

_(signature)_          _10/25/07_

Maya Greene and Bosco Kante "PM"          date

**Appendix A: Schedule of Repairs**

Bosco Kante & Maya Greene
(referred to herein as "us", "our", "we" and "M&B")
4100 Redwood Rd. #118
Oakland, CA 94619
323-481-7372

Rosemary Greene
(referred to herein as "You", "your", and "Rosemary")

8000 Hansom Dr.
Oakland, CA 94605

Dated As of March 13th, 2013

Re: Loan & Property Management

Dear Rosemary Greene:

This deal memorandum ("Agreement") shall outline the material terms for the Property Management, Lease, and Cost Reimbursement agreement between you and us with respect to the rental properties 8009 Greenridge Dr., Oakland, CA 94605 ("Greenridge") and 8000 Hansom Dr., Oakland, CA 94605 ("Hansom")

**1. Whereas** You wish to hire M&B to assist you in managing your rental properties, You wish to hire an attorney to stop foreclosure on your rental properties, You wish to borrow money for attorneys fees and some costs associated with managing the rental properties, You wish to repay money borrowed for attorney's fees, and You wish to reimburse Bosco for money borrowed to improve Greenridge.

**2. Attorney:** You shall hire an attorney to litigate on your behalf to stop the foreclosure of Hansom, stop the foreclosure of Greenridge, and negotiate a loan modification and/or monetary compensation. The fees for this Attorney shall be deemed "Excess Costs" as described below.

**3."The Lien":** You shall execute and record a lien against Greenridge for the value of the "The Pre-Paid Lease" plus the Excess Costs. We shall release The Lien at end of "The Pre-Paid Lease".

**4. Failure to Obtain Loan Modification:** In the event attorney fails to obtain a modification for a reason not caused by You and both Greenridge and Hansom are foreclosed, the balance owed M&B at the time of foreclosure of Greenridge shall remain a lien against Greenrdige.

**5. Stop Foreclosure:** You shall use your best efforts to stop foreclosure by participating in the loan modification process, placing your properties for sale, or filing Bankruptcy as advised by the Attorney.

**6. Vacate Hansom:** You shall vacate Hansom as soon as possible but at least within 45 days to allow it to be rented.

**7. Budget:** You shall pay your personal expenses out of your Social Security, retirement, and real estate income as follows:

| Personal Budget | |
|---|---|
| Income | 22.28 |
| Social Sec | 1553.8 |
| Real Estate Income | |
| VA | |
| | |
| SubTotal Pers Income | 1576.08 |
| | |
| Expenses | |
| food | 583.08 |
| gas | 200 |
| car ins | 63 |
| car maint | 100 |
| cell phone | 120 |
| Student Loan | 150 |
| pg&e | 80 |
| IRS | 280 |
| | |
| Subtotal Pers Exp | 1576.08 |
| Net | 0 |

**8. Property Management:** M&B shall manage the rental properties Greenridge and Hansom. Including:
    a.   selection, approval, and eviction of tenants
    b.   collection of all rents
    c.   scheduling repairs and regular maintenance
    d.   creating and enforcing building rules
    e.   accounting

**9. Rental Properties Monthly Costs:** The following rental properties monthly costs shall be deemed approved and shall be paid from the rents. Upon receipt of a loan modification, corresponding mortgages, taxes, and insurance shall be added as approved monthly costs.

| Out | |
|---|---|
| **Greenridge** | |
| mortgage | 0 |
| maint | 200 |
| taxes | 0 |
| ins | 134 |
| garbage | 90 |
| utilities | 200 |
| Security Deposit refund | |
| **Hansom** | |
| mortgage | 0 |
| maint | 200 |
| taxes | 0 |
| ins | 100 |
| garbage | 90 |
| cable/internet | 100 |
| utilities | 200 |
| Attorney's Fees | 3000 |
| **SubTotal Exp** | **4314** |

**10. Excess Costs:** Costs exceeding the monthly budget in "Rental Properties Monthly Costs" ("Excess Costs") shall be jointly approved by You and us, your approval not to be unreasonable withheld. Any Excess Costs paid by us at our sole discretion shall be repaid from any monthly profit, and any remaining Excess Costs shall extend the term of The Pre-Paid Lease by a proportionate amount (i.e. - $3000 in Excess Costs shall extend The Pre-Paid Lease by one month for Greenridge Unit 1 & Unit 3)

**11. Greenridge Subletting/Short-Term Vacation Rentals:** Income from subletting or short term vacation rentals at Greenridge shall not be subject to this agreement.

**12. Hansom Management Fee:** You shall pay us 15% of the gross rents at Hansom as a management fee.

**13. No-Sale:** You shall not sell Greenridge or Hansom without first fully repaying all sums owed hereunder including but not limited to Excess Costs, the full value of any remaining months on "The Pre-Paid Lease", and any additional sums loaned to You to pay for attorney's fees or costs related to rental of Greenridge and Hansom.

**14.Debt:** You hereby acknowledge a Debt to Bosco Kante of $131,450.00 (inclusive of $117,967.00 in principal and $13,483.00 in interest) originating prior to this agreement.

**15. Previous Rent:** Bosco Kante acknowledges owing You $61,500 for rental of Greenridge Unit 1 from February 1st, 2010 to February 28th, 2013 and of Greenridge Unit 2 from August 1st, 2012 to February 28th, 2013. Bosco Kante hereby credits You $61,500.00 against the Debt leaving a remaining balance of $69,950.00.

**16. "The Pre-Paid Lease":** You hereby lease Greenridge Units 1 and 3 to Bosco Kante for twenty three (23) months from March 1, 2013 to Dec 31st, 2014 for the sum of $69,950. Bosco Kante hereby credits You $69,950.00 against the Debt leaving a remaining balance of zero. You acknowledge that hereby you have received full payment of the $69,950.00 for this "The Pre-Paid Lease".

**17. Successful Loan Modification:** Upon receipt of a successful permanent Loan Modification on Greenridge, we shall loan you up to an additional $1500.00 per month to pay the mortgage for the duration of the "The Pre-Paid Lease". "The Pre-Paid Lease" shall be automatically extended to by a number of months equal to the amount loaned under this clause divided by $3000.00 (i.e. each $1500 loaned shall extend the prepaid lease by one half of one month for both Greenridge Unit 1 and Unit 3).

**18. Monthly Profits:** Monthly Rental income from Greenridge and Hansom in excess of the monthly costs (including any Excess Costs) shall be paid to M&B and reduce the length of The Pre-Paid Lease by a proportionate amount. Rental income paid by us for Greenridge Unit 1 & Unit 3 shall not be included in the calculation of Monthly Profits.

**19. No Prepayment Penalty:** You may terminate this agreement at anytime provided you give 60 days notice and all sums owed to us hereunder including but not limited to the value of The Pre-Paid Lease and any Excess Costs have been repaid. There shall be no pre-payment penalty for repaying any sums owed hereunder. However, any rentals booked prior to termination for rental periods occurring after termination shall be honored or all sums owed to the renters shall be repaid and any costs required by renters because of cancellation shall be paid by you.

**20. Termination by Us:** We may terminate this agreement at any time with 60 days notice, providing that all sums due You have been paid. Termination of this agreement shall not terminate the requirement that You pay any sums due to us hereunder.

**21. Non-waiver:** The failure by one party to require performance of any provision shall not affect that party's right to require performance at any time thereafter, nor shall a waiver of any breach or default of this Contract constitute a waiver of any subsequent breach or default or a waiver of the provision itself.

**22. Severability:** If any provision of this Contract is held unenforceable, then such provision will be modified to reflect the parties' intention. All remaining provisions of this Contract shall remain in full force and effect.

**23. Warrants and Indemnification:** You warrant and represent that (i) you and have the full right, power and authority to enter into this Agreement, Further, you agree to indemnify, defend and hold us and our assignees and designees harmless from and against any and all actual or threatened claims, losses, legal proceedings or other costs or expenses resulting from or otherwise in connection with your actual breach of any of your representations, warranties, covenants or obligations under this Agreement; provided the claim concerned is reduced to an adverse judgment or is settled with your prior written consent, which shall not be unreasonably withheld.

We warrant and represent that (i) We have the full right, power and authority to enter into this Agreement, Further, We agree to indemnify, defend and hold You harmless from and against any and all actual or threatened claims, losses, legal proceedings or other costs or expenses resulting from or otherwise in connection with our actual breach of any of our representations, warranties, covenants or obligations under this Agreement; provided the claim concerned is reduced to an adverse judgment or is settled with our prior written consent, which shall not be unreasonably withheld.

**24. Accountings:** Within ninety (90) days after June 30 and December 31 of each year during which The Rental Properties are managed by M&B, we shall render an accounting statement of rental income and expenses under this Agreement during the preceding calendar half-year, less the all amounts chargeable under this Agreement. All accountings rendered to you shall be binding upon you and not subject to any objection by you for any reason unless specific written objection by you stating the basis thereof is furnished to us within One (1) year from the date rendered to you. You shall be foreclosed from maintaining any action, claim or proceeding against us with respect to any statement or accounting due hereunder unless such action, claim or proceeding is commenced against us in a court of competent jurisdiction within two (2) years from the date such accounting is rendered. Subject to the immediately preceding paragraph, you shall have the right to appoint a certified public accountant to examine those portions of Company's books and records relating to the sale of records embodying the Master, provided that such examination shall take place at the normal place of business, during normal business hours, on reasonable written notice, not more frequently than once with respect to any particular statement and not more than once in any calendar year and shall be at your sole cost and expense. You shall furnish Company with a copy of the audit report within forty-five (45) days after the completion of the applicable audit. The rights granted herein to you constitute your sole right to examine Company's books and records. For the avoidance of doubt, you shall have no right whatsoever to examine or audit any third party's books or records.

**25. Governing Law:** THIS AGREEMENT HAS BEEN ENTERED INTO IN THE STATE OF CALIFORNIA, AND ITS VALIDITY, CONSTRUCTION, INTERPRETATION AND LEGAL EFFECT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA APPLICABLE TO CONTRACTS ENTERED INTO AND PERFORMED ENTIRELY WITHIN THE STATE OF CALIFORNIA, AND ANY ACTION OR OTHER PROCEEDING WHICH INVOLVES A DISPUTE BETWEEN THE PARTIES HERETO CONCERNING THIS AGREEMENT SHALL BE BROUGHT IN THE COURTS IN OAKLAND AND NOT ELSEWHERE.

**26. Miscellaneous:** This Agreement supersedes all previous agreements and contains the entire understanding of the parties hereto relating to the subject matter hereof and cannot be changed or terminated except by an instrument signed by the parties.

No breach by either party of its material obligations hereunder will entitle the non-breaching party to recover damages, or affect any of such non-breaching party's obligations hereunder, unless the party alleged to be in breach fails to remedy such breach within thirty (30) days following receipt of notice thereof. Notwithstanding the foregoing or anything to the contrary contained in this Agreement, no breach by us of any provision hereof shall give you the right to injunctive or other equitable relief with respect to the rental, lease, or other exploitation of the Rental properties hereunder; it being understood that your sole remedy for any such breach shall be limited to damages, if any.

This Agreement may be signed in counterparts, which together shall constitute one original agreement, and may be delivered to the parties by email.

**27. Notices:** All notices to be given to you under this agreement and all statements and payments to be sent to you under this agreement will be addressed to you at the address set forth on page 1 above or at such other address as you designate by written notice to us. All notices to be given to us will be sent to us at the address set forth on page 1 above or at such other address as we designate by written notice to you. All notices will be in writing and will be given by personal delivery or by registered or certified mail (return

Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 13 of 42

receipt requested), all charges prepaid. Notices will be deemed given when personally delivered or mailed, except that notices of change of address will be effective only upon actual receipt.

Until such time as a more formal agreement is entered into, the foregoing shall confirm the understanding between you and us with respect to the subject matter hereof and this letter shall constitute a valid and binding agreement.

If the foregoing accurately reflects the understanding between you and us with respect to the matters herein, please indicate your acceptance by signing in the spaces below.

Very truly yours,

Bosco Kante & Maya Greene

By: _____   3/13/13  3/13/13
     Duly Authorized              Date

AGREED TO AND ACCEPTED:

Rosemary Greene

By: _____   3/13/2013
     Duly Authorized              Date

**IMPORTANT LEGAL DOCUMENT PLEASE ENGAGE COUNSEL PRIOR TO EXECUTION**

# 8009 GREENRIDGE DR.

Bosco Kante & Maya Greene
(referred to herein as "us", "our", "we" and "M&B")
4100 Redwood Rd. #118
Oakland, CA 94619
323-481-7372

Rosemary Greene
(referred to herein as "You", "your", and "Rosemary")

P.O. Box 2344
Oakland, CA 94614

Dated As of Feb 1st, 2014

Re: Loan & Property Management

Dear Rosemary Greene:

This deal memorandum ("Agreement") shall outline the material terms for the Property Management, Lease, and Cost Reimbursement agreement between Rosemary Greene (hereinafter "You") and Bosco Kante and Maya Greene (hereinafter "Us" or "M&B") with respect to the rental property 8009 Greenridge Dr., Oakland, CA 94605 ("Greenridge").

**1. Whereas** You wish to hire M&B to manage your rental property, You wish to borrow money for to pay off your second mortgage, You wish to borrow money for a personal loan, You wish to borrow money for some costs associated with managing and operating the rental property, and You wish to reimburse Bosco for money borrowed to improve Greenridge.

**2. Term:** The initial term of this agreement shall commence on Feb 1st, 2014 and end on Jan 31st, 2018 and thereafter shall be month to month on the same terms and conditions stated herein, save any changes made pursuant to law, until terminated.

**3. Termination:** Upon expiration of the initial four year term of this agreement, this agreement may be terminated by either party upon 60 day notice, provided all sums due Us hereunder have bee paid.

4. **2nd Loan Payoff:** We shall loan You up to nine thousand dollars ($9,000.00) no later than February 15th, 2014, which shall be used by you exclusively to pay off the second mortgage on Greenridge held by Real Time Resolutions, Inc.

5. **Lease of Unit 1:** We shall lease Greenridge Unit 1 for the term of this agreement at the rental rate of fourteen hundred dollars ($1400.00) per month.

6. **Lease of Unit 3:** We shall lease Greenridge Unit 3 for the term of this agreement at the rental rate of fourteen hundred dollars ($1400.00) per month.

7. **Lease of Unit 2:** In the event You move out of Greenridge Unit 2, we shall have the first right of refusal to lease Greenridge Unit 2 for the term of this agreement at the rental rate of fourteen hundred dollars ($1400.00) per month.

8. **Lease of Unit 4:** In the event Leslie and Carl Morris move out of Greenridge Unit 4, we shall have the first right of refusal to lease Greenridge Unit 3 for the term of this agreement at the rental rate of fourteen hundred dollars ($1400.00) per month.

Rosemary Greene/Bosco Kante/Maya Greene Property Management & Lease agreement 2014      Page 1 of 6
Case 17-41704    Claim 5 Part 5    Filed 09/25/17    Desc Attachment 4    Page 1 of 6

Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 15 of 42

# 8009 GREENRIDGE DR.

9. **Good Faith Negotiation with Leslie and Carl:** We shall not evict or take any action against Leslie and Carl Morris that would violate any laws or ordinances. Any negotiation with Carl and Leslie shall be made in good faith, and they must only be asked to vacate on a voluntary basis or in exchange for compensation. Any payment made to Leslie and Carl Morris in exchange for vacating Greenridge shall be paid by Us and shall not be reimbursable by You.

> a. **Unit 4 Security Deposit:** In the even Leslie and Carl Morris vacate Unit 4 and We elect to lease Unit four, we shall refund Leslie and Carl's security deposit up to three thousand dollars ($3000) subject to any deductions per their lease agreement. The amounts refunded to Leslie and Carl Morris by us, including any deductions, shall constitute our security deposit for Unit 4. When we vacate Unit 4, You shall refund our security deposit within two weeks subject to legal deductions for repairs.

10. **Management Fee:** You shall pay Us a management fee of $400 per month retroactively beginning January 1st, 2014 and continuing for the term of this Agreement.

10.1. **Property Management Services:** We shall manage the rental property Greenridge and provide customary property management services including:
> a. selection, approval, and eviction of tenants
> b. collection of all rents
> c. scheduling repairs and regular maintenance
> d. Bookkeeping and records management

11. **Personal Loan:** We shall loan you one thousand dollars ($1,000.00) no later than May 1st, 2014, for the payment of your Real Estate Dues. This loan shall be deemed and Excess Cost and reimbursable from any rental income received or due to You.

12. **Che's Education Fund:** You shall execute and record a fifty thousand dollar ($50,000.00) lien against Greenridge for the benefit of Bushkin's Educational Trust, a trust created for the benefit of Bosco Anthony Che' Kante. No regular monthly payment shall be due on this lien. However, this lien must be paid in full prior to the sale, transfer, or refinance of Greenridge. We shall incur the costs associated with preparing and recording this lien.

13. **Pre-Existing Balance:** You hereby acknowledge a balance of seventeen thousand five hundred fifty one dollars ($17,551.00) due Us under the Property Management Agreement dated March 13th, 2013. This Pre-Existing Balance shall be reimbursable from any sums due you hereunder.

14. **"The Lien":** You shall execute and record a lien against Greenridge for the value of the sixteen thousand eight hundred fifty one dollar ($16,851.00) "Pre-Existing Balance" plus the one thousand dollar ($1,000.00) Personal Loan and the nine thousand dollar ($9,000.00) "2nd Loan Payoff" for a total of twenty six thousand eight hundred fifty one dollars ($26,851.16). We shall release The Lien immediately following the repayment of the total balance of twenty six thousand eight hundred fifty one dollars ($26,851.16).

15. **Costs Paid First:** All rents collected or payable to you shall first be applied to pay approved monthly costs. Any remaining amounts shall be paid to Us and credited against "The Lien" and any additional Excess Costs.

16. **Monthly Net Profits:** The "Monthly Net Profits" shall be paid to you on a monthly basis after payment of The Lien and all Excess Costs, within thirty days of receipt by us. Any overpayment of Monthly Net Profits shall be returned immediately upon request by Us or added to Excess Costs at our sole discretion.

> a. **Monthly Statements:** We shall provide you with a monthly statement within thirty (30) days of the close of each month. The monthly statement shall be a non-binding approximation of costs and income which shall not replace the biannual accounting statements.

17. **Qualified Tax Preparer:** You shall hire a qualified tax preparer and file your personal income taxes on time. You shall allow us to review your taxes at least seven (7) days prior to filing.

Case: 12-49009   Doc# 24-1   Filed: 02/05/18   Entered: 02/05/18 13:25:50   Page 16 of 42

# 8009 GREENRIDGE DR.

**18. First Right of Refusal on Sale of Greenridge:** During the term of the Agreement, before You may sell or transfer Greenridge to a third party, You shall first offer the Greenridge to Us at the same price as is offered by the third party less all sums due us hereunder including but not limited to Excess Costs, The Lein, and Che's Education Fund. You shall provide us a copy of the third party's offer. We shall have thirty (30) days from the date on which you provide a copy of the third party's offer during which to accept said offer. If We do not accept said offer within said period, You shall be free to accept the third-party offer. If You do not enter into an agreement with the third party on terms and conditions equal to or more favorable than those offered to Us and close the transaction within 90 days, Your right to sell Greenridge to the third party shall expire and the procedure described in this Section shall again be applicable.

**19. Vacation Rental Business:** Whereas We intend to sublet the Units at Greenridge we lease from You to short-term renters, you shall not prevent or impair our ability to operate such business to the extent allowed by law. You shall execute or authorize us to execute any document required to allow us to lawfully operate said Vacation Rental Business. We hereby indemnify and hold you harmless from any liability arising out of our operation of said Vacation Rental Business at Greenridge. We will make reasonable efforts to operate said Vacation Rental Business in such a way that it does not violate any laws or ordinances.

**21. Vacation Rental Income and Expenses:** We shall not be required to pay you any portion of the proceeds from our Vacation Rental Business. We shall be responsible for all expenses associated with the operation of our Vacation Rental Business, including but not limited to marketing, cleaning, and damages caused by renters who sublet in the Units we lease. In addition, we shall pay the following costs associated with our Vacation Rental business:

      a. Electricity inside each Unit we lease
      b. Cable TV
      c. Internet
      d. Staging and Furniture

**20. Vacation Rental Insurance:** We shall maintain an insurance policy sufficient to cover liability and damages related to the operation of our Vacation Rental Business. We may at our sole election, purchase an "All Inclusive Policy" that includes the coverage of Greenridge as required by the first mortgage holder or servicer. If we elect to obtain an "All Inclusive Policy" you will prompt present this policy to the lender. If the lender accepts this policy and removes the force placed policy that is currently in effect, we shall receive any refund provided on the force-placed policy. In addition, you shall be responsible for one hundred sixty six dollars and seventy-one cents ($166.71) of the cost of the "All Inclusive Policy".

**21. Maintenance Reserves:** We shall hold one hundred fifty dollars ($150) per month from all rental income as reserves against future mutually approved maintenance costs. A joint account between you and us shall be created into which the reserves shall be deposited. Mutually approved maintenance costs for which these funds shall be used include but are not limited to:

      a. Repair and refinishing of the wood fencing and wood on the exterior of Greenridge
      b. Repair of leaking window in Unit 1
      c. Repainting of exterior trim where bare wood is showing through

**22. Rental Properties Monthly Costs:** The following monthly rental property costs shall be deemed approved and shall be deducted from the rents collected before paying any monthly Net Profits.

      a. First mortgage on Greenridge including principal, interest, taxes, insurance, and monthly escrow.
      b. Garbage/Waste Management for all units
      c. Gas and Electricity (PG&E) for the building common areas
      d. landscaping
      e. Water/EBMUD
      f. regular interior and exterior maintenance up to $200 per month

**23. Excess Costs:** Costs exceeding the monthly budget in "Rental Properties Monthly Costs" ("Excess Costs") shall be jointly approved by You and us, your approval not to be unreasonable withheld. Any Excess Costs paid by us at our sole discretion shall be deducted from collected rents and repaid before any Monthly Net Profits are disbursed to You.

# 8009 GREENRIDGE DR.

**24. No-Sale:** You shall not sell Greenridge without first fully repaying all sums owed hereunder including but not limited to all Excess Costs and The Lien.

**25. Termination by Us:** We may terminate this agreement at any time with 60 days notice, providing that all sums due You have been paid. Termination of this agreement shall not terminate the requirement that You pay any sums due to us hereunder.

**26. Non-waiver:** The failure by one party to require performance of any provision shall not affect that party's right to require performance at any time thereafter, nor shall a waiver of any breach or default of this Contract constitute a waiver of any subsequent breach or default or a waiver of the provision itself.

**27. Severability:** If any provision of this Contract is held unenforceable, then such provision will be modified to reflect the parties' intention. All remaining provisions of this Contract shall remain in full force and effect.

**28. Warrants and Indemnification:** You warrant and represent that (i) you and have the full right, power and authority to enter into this Agreement, Further, you agree to indemnify, defend and hold us and our assignees and designees harmless from and against any and all actual or threatened claims, losses, legal proceedings or other costs or expenses resulting from or otherwise in connection with your actual breach of any of your representations, warranties, covenants or obligations under this Agreement; provided the claim concerned is reduced to an adverse judgment or is settled with your prior written consent, which shall not be unreasonably withheld.

We warrant and represent that (i) We have the full right, power and authority to enter into this Agreement, Further, We agree to indemnify, defend and hold You harmless from and against any and all actual or threatened claims, losses, legal proceedings or other costs or expenses resulting from or otherwise in connection with our actual breach of any of our representations, warranties, covenants or obligations under this Agreement; provided the claim concerned is reduced to an adverse judgment or is settled with our prior written consent, which shall not be unreasonably withheld.

**29. Accountings:** Within ninety (90) days after June 30 and December 31 of each year during which The Rental Properties are managed by M&B, we shall render an accounting statement of rental income and expenses under this Agreement during the preceding calendar half-year, less the all amounts chargeable under this Agreement. All accountings rendered to you shall be binding upon you and not subject to any objection by you for any reason unless specific written objection by you stating the basis thereof is furnished to us within One (1) year from the date rendered to you. You shall be foreclosed from maintaining any action, claim or proceeding against us with respect to any statement or accounting due hereunder unless such action, claim or proceeding is commenced against us in a court of competent jurisdiction within two (2) years from the date such accounting is rendered. Subject to the immediately preceding paragraph, you shall have the right to appoint a certified public accountant to examine those portions of Company's books and records relating to the sale of records embodying the Master, provided that such examination shall take place at the normal place of business, during normal business hours, on reasonable written notice, not more frequently than once with respect to any particular statement and not more than once in any calendar year and shall be at your sole cost and expense. You shall furnish Company with a copy of the audit report within forty-five (45) days after the completion of the applicable audit. The rights granted herein to you constitute your sole right to examine Company's books and records. For the avoidance of doubt, you shall have no right whatsoever to examine or audit any third party's books or records.

# 8009 GREENRIDGE DR.

**30. Governing Law:** THIS AGREEMENT HAS BEEN ENTERED INTO IN THE STATE OF CALIFORNIA, AND ITS VALIDITY, CONSTRUCTION, INTERPRETATION AND LEGAL EFFECT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA APPLICABLE TO CONTRACTS ENTERED INTO AND PERFORMED ENTIRELY WITHIN THE STATE OF CALIFORNIA, AND ANY ACTION OR OTHER PROCEEDING WHICH INVOLVES A DISPUTE BETWEEN THE PARTIES HERETO CONCERNING THIS AGREEMENT SHALL BE BROUGHT IN THE COURTS IN OAKLAND AND NOT ELSEWHERE.

**31. Miscellaneous:** This Agreement supersedes all previous agreements and contains the entire understanding of the parties hereto relating to the subject matter hereof and cannot be changed or terminated except by an instrument signed by the parties.

No breach by either party of its material obligations hereunder will entitle the non-breaching party to recover damages, or affect any of such non-breaching party's obligations hereunder, unless the party alleged to be in breach fails to remedy such breach within thirty (30) days following receipt of notice thereof. Notwithstanding the foregoing or anything to the contrary contained in this Agreement, no breach by us of any provision hereof shall give you the right to injunctive or other equitable relief with respect to the rental, lease, or other exploitation of the Rental properties hereunder; it being understood that your sole remedy for any such breach shall be limited to damages, if any.

This Agreement may be signed in counterparts, which together shall constitute one original agreement, and may be delivered to the parties by email.

**32. Notices:** All notices to be given to you under this agreement and all statements and payments to be sent to you under this agreement will be addressed to you at the address set forth on page 1 above or at such other address as you designate by written notice to us. All notices to be given to us will be sent to us at the address set forth on page 1 above or at such other address as we designate by written notice to you. All notices will be in writing and will be given by personal delivery or by registered or certified mail (return receipt requested), all charges prepaid. Notices will be deemed given when personally delivered or mailed, except that notices of change of address will be effective only upon actual receipt.

**33. Transfer:** We may transfer or assign any or all of our responsibilities under this Agreement to Bosco Kante, Maya Greene, an entity owned, managed, or controlled, by Bosco Kante or Maya Greene, or a trust for which Bosco Kante or Maya Greene is the trustee.

Until such time as a more formal agreement is entered into, the foregoing shall confirm the understanding between you and us with respect to the subject matter hereof and this letter shall constitute a valid and binding agreement.

If the foregoing accurately reflects the understanding between you and us with respect to the matters herein, please indicate your acceptance by signing in the spaces below.

Very truly yours,

Bosco Kante & Maya Greene

By: _____  2/10/14
    Duly Authorized            Date

AGREED TO AND ACCEPTED:

# 8009 GREENRIDGE DR.

Rosemary Greene

By: _Rosemary Greene_     _2/10 / 2014_
Duly Authorized       Date
IMPORTANT LEGAL DOCUMENT PLEASE ENGAGE COUNSEL PRIOR TO EXECUTION

Rosemary Greene/Bosco Kante/Maya Greene Property Management & Lease agreement 2014      Page 6 of 6
Case 17-41704   Claim 5 Part 5   Filed 09/25/17   Desc Attachment 4   Page 6 of 6

Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 20 of 42

# HANSOM

Bosco Kante
**(referred to herein as "us", "our", "we" and "M&B")**
4100 Redwood Rd. #118
Oakland, CA 94619
323-481-7372

<u>Rosemary Greene</u>
**(referred to herein as "You", "your", and "Rosemary")**

<u>P.O. Box 2344</u>
<u>Oakland, CA 94614</u>

Dated As of Feb 1st, 2014

Re:  Loan & Property Management HANSOM

Dear Rosemary Greene:

This deal memorandum ("Agreement") shall outline the material terms for the Property Management, Lease, and Cost Reimbursement agreement between Rosemary Greene (hereinafter "You") and Bosco Kante (hereinafter "Us") with respect to the rental property 8000 Hansom Dr., Oakland, CA 94605 ("Hansom").

**1. Whereas** You wish to hire M&B to manage your rental property, You wish to borrow money for attorney's fees, You wish to borrow money for some costs associated with managing and operating your rental property, and You wish to reimburse Us for money borrowed to improve Greenridge.

**2. Term:**  The initial term of this agreement shall commence on Feb 1st, 2014 and end on Jan 31st, 2018 and thereafter shall be month to month on the same terms and conditions stated herein, save any changes made pursuant to law, until terminated.

**3. Termination:**  Upon expiration of the initial four year term of this agreement, this agreement may be terminated by either party upon 60 day notice, provided all sums due Us hereunder have bee paid.

**4. Lease:**  We shall lease Hansom at the rental rate of two thousand five hundred dollars ($2500.00) per month.  The lease shall include all furniture and appliances except that:
      a. The dining room table & chairs and the white couch shall be returned to You within one (1) year of the date of this agreement.

**5. Loan Modification Attorney's Fees:**  We shall advance up to five thousand dollars ($5000.00) at our sole discretion for attorney's fees to help You obtain a loan modification on Hansom.  These attorney's fees shall be deemed Excess Costs and reimbursable from rent due you except that if no Loan modification is obtained and Hansom is foreclosed on, your share of the attorney's fees shall be limited to the total of the rents payable to You for Hansom under this agreement for dates after April 3rd, 2014.

**6. Property Management Services:**  We shall manage the rental property Hansom and provide customary property management services including:
      a.   selection, approval, and eviction of tenants
      b.   collection of all rents
      c.   scheduling repairs and regular maintenance
      d.   Bookkeeping and records management

**7. Pre-Existing Balance:**  You hereby acknowledge a balance of sixteen thousand eight hundred fifty one dollars ($16,851.00) due Us under the Property Management Agreement dated March 13th, 2013. This Pre-Existing Balance shall be recoupable from any sums due you hereunder.

Rosemary Greene/Bosco Kante Property Management & Lease agreement 2014          Page 1 of 5
Case 17-41704    Claim 5 Part 6    Filed 09/25/17    Desc Attachment 5    Page 1 of 5
Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 21 of 42

# HANSOM

**7.1. Greenridge Costs:** Any sums due under the property management agreement for 8009 Greenridge Dr., Oakland, CA 94605 between You and Us dated February 1st, 2014, shall be recoupable from any sums due hereunder.

**8. Costs Paid First:** All rents collected or payable to you shall first be applied to pay approved monthly costs. Any remaining amounts shall be paid to Us and credited against "The Lien" and any additional Excess Costs.

**9. Monthly Net Profits:** The "Monthly Net Profits" shall be paid to you on a monthly basis after payment of The Lien and all Excess Costs, within thirty days of receipt by us. Any overpayment of Monthly Net Profits shall be returned immediately upon request by Us or added to Excess Costs at our sole discretion.

> **a. Monthly Statements:** We shall provide you with a monthly statement within thirty (30) days of the close of each month. The monthly statement shall be a non-binding approximation of costs and income which shall not replace the biannual accounting statements.

**10. First Right of Refusal on Sale of Hansom:** During the term of the Agreement, before You may sell or transfer Hansom to a third party, You shall first offer the Hansom to Us at the same price as is offered by the third party. You shall provide us a copy of the third party's offer. We shall have thirty (30) days from the date on which you provide a copy of the third party's offer during which to accept said offer. If We do not accept said offer within said period, You shall be free to accept the third-party offer. If You do not enter into an agreement with the third party on terms and conditions equal to or more favorable than those offered to Us and close the transaction within 90 days, Your right to sell Hansom to the third party shall expire and the procedure described in this Section shall again be applicable.

**11. Vacation Rental Business:** Whereas We may elect to sublet Hansom to short-term renters, you shall not prevent or impair our ability to operate such business to the extent allowed by law. You shall execute or authorize us to execute any document required to allow us to lawfully operate said Vacation Rental Business. We hereby indemnify and hold you harmless from any liability arising out of our operation of said Vacation Rental Business at Hansom. We will make reasonable efforts to operate said Vacation Rental Business in such a way that it does not violate any laws or ordinances.

**12. Vacation Rental Income and Expenses:** We shall not be required to pay you any portion of the proceeds from our Vacation Rental Business. We shall be responsible for all expenses associated with the operation of our Vacation Rental Business, including but not limited to marketing, cleaning, and damages caused by renters who sublet Hansom. In addition, we shall pay the following costs associated with our Vacation Rental business:

> a. Electricity inside each Unit we lease
> b. Cable TV
> c. Internet
> d. Staging and Furniture

**13. Vacation Rental Insurance:** We shall maintain an insurance policy sufficient to cover liability and damages related to the operation of our Vacation Rental Business. We may at our sole election, purchase an "All Inclusive Policy" that includes the coverage of Hansom as required by the first mortgage holder or servicer. If we elect to obtain an "All Inclusive Policy" you will prompt present this policy to the lender. If the lender accepts this policy and removes the force placed policy that is currently in effect, we shall receive any refund provided on the force-placed policy. In addition, you shall be responsible for one hundred twenty six dollars and sixty-six cents ($126.66) of the cost of the "All Inclusive Policy".

**14. Maintenance Reserves:** We shall hold one hundred dollars ($100) per month from all rental income as reserves against future mutually approved maintenance costs. A joint account between you and us shall be created into which the reserves shall be deposited.

**15. Pre-Modification Rental Properties Monthly Costs:** The following monthly rental property costs shall be deemed approved and shall be deducted from the rents collected before paying any monthly Net Profits.

> a. Garbage/Waste Management

Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 22 of 42

# HANSOM

b. landscaping
c. Water/EBMUD
d. regular maintenance up to $150 per month

**16. Post-Modification Rental Properties Monthly Costs:** After obtaining a loan modification, the following monthly rental property costs shall be deemed approved and shall be deducted from the rents collected before paying any monthly Net Profits.

a. First mortgage payment on Hansom including principal, interest, taxes, insurance, and monthly escrow.

**17. Excess Costs:** Costs exceeding the monthly budget in "Rental Properties Monthly Costs" ("Excess Costs") shall be jointly approved by You and us, your approval not to be unreasonable withheld. Any Excess Costs paid by us at our sole discretion shall be deducted from collected rents and repaid before any Monthly Net Profits are disbursed to You.

**18. No-Sale:** You shall not sell Hansom without first fully repaying all sums owed hereunder including but not limited to all Excess Costs and The Lien.

**19. Termination by Us:** We may terminate this agreement at any time with 60 days notice, providing that all sums due You have been paid. Termination of this agreement shall not terminate the requirement that You pay any sums due to us hereunder.

**20. Non-waiver:** The failure by one party to require performance of any provision shall not affect that party's right to require performance at any time thereafter, nor shall a waiver of any breach or default of this Contract constitute a waiver of any subsequent breach or default or a waiver of the provision itself.

**21. Severability:** If any provision of this Contract is held unenforceable, then such provision will be modified to reflect the parties' intention. All remaining provisions of this Contract shall remain in full force and effect.

**22. Warrants and Indemnification:** You warrant and represent that (i) you and have the full right, power and authority to enter into this Agreement, Further, you agree to indemnify, defend and hold us and our assignees and designees harmless from and against any and all actual or threatened claims, losses, legal proceedings or other costs or expenses resulting from or otherwise in connection with your actual breach of any of your representations, warranties, covenants or obligations under this Agreement; provided the claim concerned is reduced to an adverse judgment or is settled with your prior written consent, which shall not be unreasonably withheld.

We warrant and represent that (i) We have the full right, power and authority to enter into this Agreement, Further, We agree to indemnify, defend and hold You harmless from and against any and all actual or threatened claims, losses, legal proceedings or other costs or expenses resulting from or otherwise in connection with our actual breach of any of our representations, warranties, covenants or obligations under this Agreement; provided the claim concerned is reduced to an adverse judgment or is settled with our prior written consent, which shall not be unreasonably withheld.

**23. Accountings:** Within ninety (90) days after June 30 and December 31 of each year during which The Rental Properties are managed by M&B, we shall render an accounting statement of rental income and expenses under this Agreement during the preceding calendar half-year, less the all amounts chargeable under this Agreement. All accountings rendered to you shall be binding upon you and not subject to any

# HANSOM

objection by you for any reason unless specific written objection by you stating the basis thereof is furnished to us within One (1) year from the date rendered to you. You shall be foreclosed from maintaining any action, claim or proceeding against us with respect to any statement or accounting due hereunder unless such action, claim or proceeding is commenced against us in a court of competent jurisdiction within two (2) years from the date such accounting is rendered. Subject to the immediately preceding paragraph, you shall have the right to appoint a certified public accountant to examine those portions of Company's books and records relating to the sale of records embodying the Master, provided that such examination shall take place at the normal place of business, during normal business hours, on reasonable written notice, not more frequently than once with respect to any particular statement and not more than once in any calendar year and shall be at your sole cost and expense. You shall furnish Company with a copy of the audit report within forty-five (45) days after the completion of the applicable audit. The rights granted herein to you constitute your sole right to examine Company's books and records. For the avoidance of doubt, you shall have no right whatsoever to examine or audit any third party's books or records.

**24. Governing Law:** THIS AGREEMENT HAS BEEN ENTERED INTO IN THE STATE OF CALIFORNIA, AND ITS VALIDITY, CONSTRUCTION, INTERPRETATION AND LEGAL EFFECT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA APPLICABLE TO CONTRACTS ENTERED INTO AND PERFORMED ENTIRELY WITHIN THE STATE OF CALIFORNIA, AND ANY ACTION OR OTHER PROCEEDING WHICH INVOLVES A DISPUTE BETWEEN THE PARTIES HERETO CONCERNING THIS AGREEMENT SHALL BE BROUGHT IN THE COURTS IN OAKLAND AND NOT ELSEWHERE.

**25. Miscellaneous:** This Agreement supersedes all previous agreements and contains the entire understanding of the parties hereto relating to the subject matter hereof and cannot be changed or terminated except by an instrument signed by the parties.

No breach by either party of its material obligations hereunder will entitle the non-breaching party to recover damages, or affect any of such non-breaching party's obligations hereunder, unless the party alleged to be in breach fails to remedy such breach within thirty (30) days following receipt of notice thereof. Notwithstanding the foregoing or anything to the contrary contained in this Agreement, no breach by us of any provision hereof shall give you the right to injunctive or other equitable relief with respect to the rental, lease, or other exploitation of the Rental properties hereunder; it being understood that your sole remedy for any such breach shall be limited to damages, if any.

This Agreement may be signed in counterparts, which together shall constitute one original agreement, and may be delivered to the parties by email.

**26. Notices:** All notices to be given to you under this agreement and all statements and payments to be sent to you under this agreement will be addressed to you at the address set forth on page 1 above or at such other address as you designate by written notice to us. All notices to be given to us will be sent to us at the address set forth on page 1 above or at such other address as we designate by written notice to you. All notices will be in writing and will be given by personal delivery or by registered or certified mail (return receipt requested), all charges prepaid. Notices will be deemed given when personally delivered or mailed, except that notices of change of address will be effective only upon actual receipt.

**27. Transfer:** We may transfer or assign any or all of our responsibilities under this Agreement to Bosco Kante, Maya Greene, an entity owned, managed, or controlled, by Bosco Kante or Maya Greene, or a trust for which Bosco Kante or Maya Greene is the trustee.

Until such time as a more formal agreement is entered into, the foregoing shall confirm the understanding between you and us with respect to the subject matter hereof and this letter shall constitute a valid and binding agreement.

Case: 12-49009   Doc# 24-1   Filed: 02/05/18   Entered: 02/05/18 13:25:50   Page 24 of 42

# HANSOM

      If the foregoing accurately reflects the understanding between you and us with respect to the matters herein, please indicate your acceptance by signing in the spaces below.

Very truly yours,

Bosco Kante

By: _____  2/10/14
          Duly Authorized           /Date

AGREED TO AND ACCEPTED:

Rosemary Greene

By: _____  2/10/2014
    Duly Authorized         Date
IMPORTANT LEGAL DOCUMENT PLEASE ENGAGE COUNSEL PRIOR TO EXECUTION

Rosemary Greene/Bosco Kante Property Management & Lease agreement 2014       Page 5 of 5
Case 17-41704    Claim 5 Part 6    Filed 09/25/17    Desc Attachment 5    Page 5 of 5
Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 25 of 42

# P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Sep 2007 | Oct 2007 | Nov 2007 | Dec 2007 | Jan 2008 | Feb 2008 | Mar 2008 | Apr 2008 | May 2008 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | | | | | | | | | |
| Unit 2 | | | | | | | | | |
| Unit 3 | | | | | | | | | |
| Unit 4 | | | | | | | | | |
| Total Greenridge Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Greenridge Project Management Fee 2008 | | | | | | | | | 50,000.00 |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | 31.62 | 665 | 718.24 | 33,204.71 | 42,934.06 | 15,980.94 | 18,875.36 |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 0 | 0 | 31.62 | 665 | 718.24 | 33,204.71 | 42,934.06 | 15,980.94 | 68,875.36 |
| | | | | | | | | | |
| Net Income | 0 | 0 | -31.62 | -665 | -718.24 | -33,204.71 | -42,934.06 | -15,980.94 | -68,875.36 |

| Loan Balance | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Sep 2007 | Oct 2007 | Nov 2007 | Dec 2007 | Jan 2008 | Feb 2008 | Mar 2008 | Apr 2008 | May 2008 |
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 0 | 0 | 31.62 | 696.62 | 1,414.86 | 34,619.57 | 77,553.63 | 93,534.57 | 162,409.93 |

Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 26 of 42

P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Jun 2008 | Jul 2008 | Aug 2008 | Sep 2008 | Oct 2008 | Nov 2008 | Dec 2008 | Jan 2009 | Feb 2009 |
|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | | | | | | | | | |
| Unit 2 | | | | | | | | | |
| Unit 3 | | | | | | | | | |
| Unit 4 | | | | | | | | | |
| Total Greenridge Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| **Expenses** | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | 3,832.72 | 16.49 | 3,819.08 | 118.73 | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 3,832.72 | 16.49 | 3,819.08 | 118.73 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| Net Income | -3,832.72 | -16.49 | -3,819.08 | -118.73 | 0 | 0 | 0 | 0 | 0 |

| Loan Balance | Jun 2008 | Jul 2008 | Aug 2008 | Sep 2008 | Oct 2008 | Nov 2008 | Dec 2008 | Jan 2009 | Feb 2009 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 166,242.65 | 166,259.14 | 170,078.22 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 |

## P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Mar 2009 | Apr 2009 | May 2009 | Jun 2009 | Jul 2009 | Aug 2009 | Sep 2009 | Oct 2009 | Nov 2009 |
|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | | | | | | | | | |
| Unit 2 | | | | | | | | | |
| Unit 3 | | | | | | | | | |
| Unit 4 | | | | | | | | | |
| Total Greenridge Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| **Expenses** | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| Net Income | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

| Loan Balance | Mar 2009 | Apr 2009 | May 2009 | Jun 2009 | Jul 2009 | Aug 2009 | Sep 2009 | Oct 2009 | Nov 2009 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 | 170,196.95 |

P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Dec 2009 | Jan 2010 | Feb 2010 | Mar 2010 | Apr 2010 | May 2010 | Jun 2010 | Jul 2010 | Aug 2010 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Unit 2 | | | | | | | | | |
| Unit 3 | | | | | | | | | |
| Unit 4 | | | | | | | | | |
| Total Greenridge Rents Received | 0 | 0 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 0 | 0 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| Net Income | 0 | 0 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |

| Loan Balance | Dec 2009 | Jan 2010 | Feb 2010 | Mar 2010 | Apr 2010 | May 2010 | Jun 2010 | Jul 2010 | Aug 2010 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 170,196.95 | 170,196.95 | 168,696.95 | 167,196.95 | 165,696.95 | 164,196.95 | 162,696.95 | 161,196.95 | 159,696.95 |

4

P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Sep 2010 | Oct 2010 | Nov 2010 | Dec 2010 | Jan 2011 | Feb 2011 | Mar 2011 | Apr 2011 | May 2011 |
|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Unit 2 | | | | | | | | | |
| Unit 3 | | | | | | | | | |
| Unit 4 | | | | | | | | | |
| Total Greenridge Rents Received | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| | | | | | | | | | |
| **Expenses** | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| Net Income | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |

| Loan Balance | Sep 2010 | Oct 2010 | Nov 2010 | Dec 2010 | Jan 2011 | Feb 2011 | Mar 2011 | Apr 2011 | May 2011 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 158,196.95 | 156,696.95 | 155,196.95 | 153,696.95 | 152,196.95 | 150,696.95 | 149,196.95 | 147,696.95 | 146,196.95 |

Case 17-41704    Claim 5 Part 7    Filed 09/25/17    Desc Attachment 6    Page 5 of 14

5

P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Jun 2011 | Jul 2011 | Aug 2011 | Sep 2011 | Oct 2011 | Nov 2011 | Dec 2011 | Jan 2012 | Feb 2012 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Unit 2 | | | | | | | | | |
| Unit 3 | | | | | | | | | |
| Unit 4 | | | | | | | | | |
| Total Greenridge Rents Received | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| Net Income | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |

| Loan Balance | Jun 2011 | Jul 2011 | Aug 2011 | Sep 2011 | Oct 2011 | Nov 2011 | Dec 2011 | Jan 2012 | Feb 2012 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 144,696.95 | 143,196.95 | 141,696.95 | 140,196.95 | 138,696.95 | 137,196.95 | 135,696.95 | 134,196.95 | 132,696.95 |

Case 17-41704    Claim 5 Part 7    Filed 09/25/17    Desc Attachment 6    Page 6 of 14

6

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Mar 2012 | Apr 2012 | May 2012 | Jun 2012 | Jul 2012 | Aug 2012 | Sep 2012 | Oct 2012 | Nov 2012 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Unit 2 | | | | | | | | | |
| Unit 3 | | | | | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Unit 4 | | | | | | | | | |
| Total Greenridge Rents Received | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | |
| Net Income | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |

| Loan Balance | Mar 2012 | Apr 2012 | May 2012 | Jun 2012 | Jul 2012 | Aug 2012 | Sep 2012 | Oct 2012 | Nov 2012 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 3,000.00 | 0 | 0 | 0 | 0 |
| Loan Balance | 131,196.95 | 129,696.95 | 128,196.95 | 126,696.95 | 128,196.95 | 125,196.95 | 122,196.95 | 119,196.95 | 116,196.95 |

Case 17-41704   Claim 5 Part 7   Filed 09/25/17   Desc Attachment 6   Page 7 of 14

7

# P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Dec 2012 | Jan 2013 | Feb 2013 | Mar 2013 | Apr 2013 | May 2013 | Jun 2013 | Jul 2013 | Aug 2013 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Unit 2 | | | | | | | | | |
| Unit 3 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Unit 4 | | | | 0 | 1,500.00 | 1,450.00 | | | 1,500.00 |
| Total Greenridge Rents Received | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 4,500.00 | 4,450.00 | 3,000.00 | 3,000.00 | 4,500.00 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 7,306.00 | 1,892.00 | 2,251.00 | 5,991.71 | 4,316.00 |
| Total Income | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 11,806.00 | 6,342.00 | 5,251.00 | 8,991.71 | 8,816.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 0 | 0 | 0 | 13,783.00 | 2,209.72 | 28.7 | 786.67 | 235 | 2,394.87 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 0 | 0 | 0 | 37.35 | 8,133.86 | 953.5 | 2,831.12 | 3,642.33 | 2,851.97 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | | |
| Total Expenses | 0 | 0 | 0 | 13,820.35 | 10,343.58 | 982.2 | 3,617.79 | 3,877.33 | 5,246.84 |
| | | | | | | | | | |
| Net Income | 3,000.00 | 3,000.00 | 3,000.00 | -10,820.35 | 1,462.42 | 5,359.80 | 1,633.21 | 5,114.38 | 3,569.16 |

| Loan Balance | Dec 2012 | Jan 2013 | Feb 2013 | Mar 2013 | Apr 2013 | May 2013 | Jun 2013 | Jul 2013 | Aug 2013 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 113,196.95 | 110,196.95 | 107,196.95 | 118,017.30 | 116,554.88 | 111,195.08 | 109,561.87 | 104,447.49 | 100,878.33 |

P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Sep 2013 | Oct 2013 | Nov 2013 | Dec 2013 | Jan 2014 | Feb 2014 | Mar 2014 | Apr 2014 | May 2014 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 2 | | | | | | | | | |
| Unit 3 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 4 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 3,000.00 | 3,000.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Greenridge Rents Received | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 6,000.00 | 5,800.00 | 4,300.00 | 4,300.00 | 4,300.00 |
| Total Hansom Rents Received | 0 | 0 | 0 | 0 | 0 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Total Hansom VR Income 2013 - 2/2014 | 3,170.00 | 5,734.32 | 4,174.00 | 5,489.00 | 5,596.42 | 0 | 0 | 0 | 0 |
| Total Income | 7,670.00 | 10,234.32 | 8,674.00 | 9,989.00 | 11,596.42 | 8,300.00 | 6,800.00 | 6,800.00 | 6,800.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 2,488.00 | 2,131.41 | 1,931.41 | 2,179.21 | 12,831.41 | 60 | 814.62 | 450 | 2,408.36 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 1,961.62 | 1,372.61 | 1,119.99 | 4,618.76 | 3,875.86 | 2,400.92 | 858.56 | 6,410.35 | 709.01 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | 40 | | | |
| Legal & Prof Fees (Hansom) | | | | | 1,581.00 | | | | |
| Total Expenses | 4,449.62 | 3,504.02 | 3,051.40 | 6,797.97 | 18,288.27 | 2,500.92 | 1,673.18 | 6,860.35 | 3,117.37 |
| | | | | | | | | | |
| Net Income | 3,220.38 | 6,730.30 | 5,622.60 | 3,191.03 | -6,691.85 | 5,799.08 | 5,126.82 | -60.35 | 3,682.63 |

| Loan Balance | Sep 2013 | Oct 2013 | Nov 2013 | Dec 2013 | Jan 2014 | Feb 2014 | Mar 2014 | Apr 2014 | May 2014 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 520 | 2,595.00 | -3,799.00 | -402.68 |
| Loan Balance | 97,657.95 | 90,927.65 | 85,305.05 | 82,114.02 | 88,805.87 | 83,526.79 | 80,994.97 | 77,256.32 | 73,171.01 |

Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 34 of 42

P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Jun 2014 | Jul 2014 | Aug 2014 | Sep 2014 | Oct 2014 | Nov 2014 | Dec 2014 | Jan 2015 | Feb 2015 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | 0 | | | |
| Unit 1 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 2 | | | | | | | | | |
| Unit 3 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 4 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Greenridge Rents Received | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 |
| Total Hansom Rents Received | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | -2,548.86 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 6,800.00 | 4,251.14 | 6,800.00 | 6,800.00 | 6,800.00 | 6,800.00 | 6,800.00 | 6,800.00 | 6,800.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 2,642.31 | 3,187.80 | 2,695.36 | 2,947.44 | 2,505.36 | 2,705.36 | 2,605.36 | 2,840.90 | 2,828.86 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 250 | 558.73 | 1,026.95 | 106.95 | 415.25 | 285.95 | 464.73 | 107.95 | 106.95 |
| Hansom Rent Paid Upstairs (Rosemary) | | | | | | | | | |
| Legal & Prof Fees (Hansom) | | | | | | | | 5,435.00 | 4,555.00 |
| Total Expenses | 2,892.31 | 3,746.53 | 3,722.31 | 3,054.39 | 2,920.61 | 2,991.31 | 3,070.09 | 8,383.85 | 7,490.81 |
| | | | | | | | | | |
| Net Income | 3,907.69 | 504.61 | 3,077.69 | 3,745.61 | 3,879.39 | 3,808.69 | 3,729.91 | -1,583.85 | -690.81 |

| Loan Balance | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Jun 2014 | Jul 2014 | Aug 2014 | Sep 2014 | Oct 2014 | Nov 2014 | Dec 2014 | Jan 2015 | Feb 2015 |
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 402.68 | 1,314.56 | 1,003.62 |
| Loan Balance | 69,263.32 | 68,758.71 | 65,681.02 | 61,935.41 | 58,056.02 | 54,247.33 | 50,920.10 | 53,818.51 | 55,512.94 |

Case 17-41704    Claim 5 Part 7    Filed 09/25/17    Desc Attachment 6    Page 10 of 14                10

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Mar 2015 | Apr 2015 | May 2015 | Jun 2015 | Jul 2015 | Aug 2015 | Sep 2015 | Oct 2015 | Nov 2015 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 2 | | | 1,083.87 | 1,400.00 | 1,400.00 | 1,400.00 | 0 | 1,400.00 | 1,400.00 |
| Unit 3 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 4 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Total Greenridge Rents Received | 4,300.00 | 4,300.00 | 5,383.87 | 5,700.00 | 5,700.00 | 5,600.00 | 4,200.00 | 5,600.00 | 5,600.00 |
| Total Hansom Rents Received | 2,500.00 | 2,500.00 | 303.77 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 6,800.00 | 6,800.00 | 5,687.64 | 8,200.00 | 8,200.00 | 8,100.00 | 6,700.00 | 8,100.00 | 8,100.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 2,848.64 | 3,360.56 | 5,227.85 | 4,358.32 | 5,724.77 | 7,634.32 | 3,707.40 | 3,165.23 | 3,026.22 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 106.95 | 372.34 | 1,256.07 | 2,311.55 | 635.18 | 16.95 | 175.27 | 225.44 | 129 |
| Hansom Rent Paid Upstairs (Rosemary) | | | 532.26 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Legal & Prof Fees (Hansom) | | 700 | | 3,200.00 | 775 | | 1,900.00 | 1,775.00 | 1,250.00 |
| Total Expenses | 2,955.59 | 4,432.90 | 7,016.18 | 11,369.87 | 8,634.95 | 9,151.27 | 7,282.67 | 6,665.67 | 5,905.22 |
| | | | | | | | | | |
| Net Income | 3,844.41 | 2,367.10 | -1,328.54 | -3,169.87 | -434.95 | -1,051.27 | -582.67 | 1,434.33 | 2,194.78 |

| Loan Balance | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Mar 2015 | Apr 2015 | May 2015 | Jun 2015 | Jul 2015 | Aug 2015 | Sep 2015 | Oct 2015 | Nov 2015 |
| Disbursements to Rosemary | 1,001.36 | 1,039.44 | 500 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 52,669.89 | 51,342.23 | 53,170.77 | 56,340.64 | 56,775.59 | 57,826.86 | 58,409.53 | 56,975.20 | 54,780.42 |

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Dec 2015 | Jan 2016 | Feb 2016 | Mar 2016 | Apr 2016 | May 2016 | Jun 2016 | Jul 2016 | Aug 2016 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 2 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 3 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 4 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Total Greenridge Rents Received | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 |
| Total Hansom Rents Received | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 3,206.32 | 3,693.51 | 3,235.32 | 3,394.89 | 3,670.12 | 3,338.89 | 3,694.89 | 3,622.75 | 3,503.09 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 334.12 | 602 | 77.6 | 381.98 | 372.32 | 628.45 | 273.69 | 347.98 | 556.22 |
| Hansom Rent Paid Upstairs (Rosemary) | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Legal & Prof Fees (Hansom) | 1,600.00 | 475 | 4,275.00 | | 1,749.00 | 1,475.00 | | 975 | |
| Total Expenses | 6,640.44 | 6,270.51 | 9,087.92 | 5,276.87 | 7,291.44 | 6,942.34 | 5,468.58 | 6,445.73 | 5,559.31 |
| | | | | | | | | | |
| Net Income | 1,459.56 | 1,829.49 | -987.92 | 2,823.13 | 808.56 | 1,157.66 | 2,631.42 | 1,654.27 | 2,540.69 |

| Loan Balance | Dec 2015 | Jan 2016 | Feb 2016 | Mar 2016 | Apr 2016 | May 2016 | Jun 2016 | Jul 2016 | Aug 2016 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 53,320.86 | 51,491.37 | 52,479.29 | 49,656.16 | 48,847.60 | 47,689.94 | 45,058.52 | 43,404.25 | 40,863.56 |

## P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Sep 2016 | Oct 2016 | Nov 2016 | Dec 2016 | Jan 2017 | Feb 2017 | Mar 2017 | Apr 2017 | May 2017 |
|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | |
| Greenridge Rents Received | | | | | | | | | |
| Short term loan repayment | | | | | | | | | |
| Unit 1 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 2 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 3 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Unit 4 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Total Greenridge Rents Received | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 | 5,600.00 |
| Total Hansom Rents Received | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Income | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 | 8,100.00 |
| | | | | | | | | | |
| Expenses | | | | | | | | | |
| Greenridge Expenses | | | | | | | | | |
| Total Greenridge Expenses | 3,872.33 | 6,007.86 | 3,136.76 | 3,146.05 | 2,889.89 | 2,967.46 | 3,320.34 | 3,005.11 | 2,951.51 |
| Greenridge Project Management Fee 2008 | | | | | | | | | |
| Greenridge Remodel and Condo Conversion 2007-2008 | | | | | | | | | |
| Hansom Expenses (All) | | | | | | | | | |
| Total Hansom Expenses (All) | 136.66 | 277.14 | 729.82 | 343.65 | 495.14 | 789.52 | 0 | 625.18 | 883.81 |
| Hansom Rent Paid Upstairs (Rosemary) | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Legal & Prof Fees (Hansom) | 3,575.00 | 1,350.00 | | | | | | | |
| Total Expenses | 9,083.99 | 9,135.00 | 5,366.58 | 4,989.70 | 4,885.03 | 5,256.98 | 4,820.34 | 5,130.29 | 5,335.32 |
| | | | | | | | | | |
| Net Income | -983.99 | -1,035.00 | 2,733.42 | 3,110.30 | 3,214.97 | 2,843.02 | 3,279.66 | 2,969.71 | 2,764.68 |

| Loan Balance | Sep 2016 | Oct 2016 | Nov 2016 | Dec 2016 | Jan 2017 | Feb 2017 | Mar 2017 | Apr 2017 | May 2017 |
|---|---|---|---|---|---|---|---|---|---|
| Disbursements to Rosemary | 0 | 0 | 0 | 2,750.00 | 0 | 0 | 0 | 0 | 0 |
| Loan Balance | 41,847.55 | 42,882.55 | 40,149.13 | 39,788.83 | 36,573.86 | 33,730.84 | 30,451.18 | 27,481.47 | 24,716.79 |

Case 17-41704    Claim 5 Part 7    Filed 09/25/17    Desc Attachment 6    Page 13 of 14

13

### P&L by Month Collapsed Rosemary

Rosemary Greene Rental Properties
Profit and Loss (by month)
September 2007 - June 2017

| | Jun 2017 | Total |
|---|---|---|
| **Income** | | |
| Greenridge Rents Received | | 0 |
| Short term loan repayment | | 0 |
| Unit 1 | 1,120.00 | 129,120.00 |
| Unit 2 | 1,120.00 | 34,403.87 |
| Unit 3 | 1,120.00 | 84,120.00 |
| Unit 4 | 1,120.00 | 73,870.00 |
| Total Greenridge Rents Received | 4,480.00 | 321,513.87 |
| Total Hansom Rents Received | 2,000.00 | 99,803.77 |
| Total Hansom VR Income 2013 - 2/2014 | 0 | 43,371.59 |
| Total Income | 6,480.00 | 464,689.23 |
| | | |
| **Expenses** | | |
| Greenridge Expenses | | 0 |
| Total Greenridge Expenses | 2,829.89 | 174,231.42 |
| Greenridge Project Management Fee 2008 | | 50,000.00 |
| Greenridge Remodel and Condo Conversion 2007-2008 | | 120,196.95 |
| Hansom Expenses (All) | | 0 |
| Total Hansom Expenses (All) | 263.28 | 58,448.58 |
| Hansom Rent Paid Upstairs (Rosemary) | 1,200.00 | 37,732.26 |
| Legal & Prof Fees (Hansom) | | 36,685.00 |
| Total Expenses | 4,293.17 | 477,294.21 |
| | | |
| Net Income | 2,186.83 | -12,604.98 |

| Loan Balance | Jun 2017 | Total |
|---|---|---|
| Disbursements to Rosemary | 0 | 9,924.98 |
| Loan Balance | 22,529.96 | 22,529.96 |

Case 17-41704    Claim 5 Part 7    Filed 09/25/17    Desc Attachment 6    Page 14 of 14

14

| | |
|---|---|
| Debtor 1 | Rosemary Greene |
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the: Northern District of California

Case number  17-41704

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Bosco Kante and Maya Kante<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor  Maya Greene |
| 2. | Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Bosco Kante & Maya Kante<br>Name | Bosco Kante & Maya Kante<br>Name |
| 465 Canyon Oaks Dr. Apt F<br>Number        Street | 465 Canyon Oaks Dr. Apt F<br>Number        Street |
| Oakland            CA          94605<br>City            State            ZIP Code | Oakland            CA          94605<br>City            State            ZIP Code |
| Contact phone  323-481-7372 | Contact phone  323-481-7372 |
| Contact email  boscokante@gmail.com | Contact email  boscokante@gmail.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____      Filed on _____<br>                                                                                             MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

Case 17-41704    Claim 5 Part 8    Filed 09/25/17    Desc Attachment 7    Page 1 of 3

Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Entered: 02/05/18 13:25:50    Page 40 of 42

**6.** Do you have any number you use to identify the debtor?

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7.** How much is the claim?

$ _____ 1,429,980.00 . Does this amount include interest or other charges?

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____ see attached (contract, money owed, conversion, fraud, eviction) _____

**9.** Is all or part of the claim secured?

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10.** Is this claim based on a lease?

☐ No
☑ Yes. Amount necessary to cure any default as of the date of the petition. $_____ 101,950.00

**11.** Is this claim subject to a right of setoff?

☑ No
☐ Yes. Identify the property: _____

Case 17-41704    Claim 5 Part 8    Filed 09/25/17    Desc Attachment 7    Page 2 of 3

Official Form 410    Case: 12-49009    Doc# 24-1    Filed: 02/05/18    Proof of Claim    Entered: 02/05/18 13:25:50    Page 41 of 42    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/25/2017
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Bosco Kante and Maya Kante | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 465 Canyon Oaks Dr. Apt F | | |
| | Number          Street | | |
| | Oakland | CA | 94605 |
| | City | State | ZIP Code |
| Contact phone | 323.481.7372 | Email | boscokante@gmail.com |

Official Form 410