Andrew J. Christensen (SBN: 260748)
Attorney at Law
1970 Broadway, Suite 550
Oakland, CA 94612
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com


Attorney for Creditors
Bosco Kante and Maya Kante

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | Case No: 12-49009 WJL 7 |
| Rosemary Greene | Chapter 13 |
| Debtor | **Declaration of Bosco and Maya Kante in Support of Creditors' Opposition to Debtor's Motion for Sanctions for Violation of the Discharge Injunction, and Cross Motion for Determination of Non Dischargeability of the Debt under §523(a)(3)(B) and §523(a)(2).** |
| | Hearing:<br>March 7, 10:30 AM<br>1300 Clay Street, Oakland CA, 94612 |

We, Bosco and Maya Kante, are creditors in this matter and we declare as follows:

The Debtor Rosemary Greene is the mother of Maya Kante. We have a long history of financial dealings. We entered into a series of seven written contracts with Debtor Rosemary Greene regarding leasing, fixing, renting, and subleasing the Debtor's two real properties. These transactions began in 2007, and continue until now. We resided in two of the Greenridge units for a period of time. The most recent agreements were signed in 2014 & 2015. Under these agreements, we were leasing both properties and running a successful rental business providing income for our family and for Ms. Greene.

In June 2017, the Debtor wrongfully breached the agreements, changed the locks on the property, took possession of our furniture in the four units worth tens of thousands of dollars, and effectively destroyed our rental business. This was the crowning wrongful act in

1

a long history of willful misconduct by the Debtor. This is all well documented in our objections to confirmation in the chapter 13 case 17-41704, with extensive declarations and about 150 pages of exhibits.

The original 2007 contract was obtained by fraud. Ms. Greene made factual misrepresentations and omissions that led us to invest a substantial amount of our money to remodel a property that we otherwise would not have invested had we known the true facts of the property condition and the existence of investment stakeholders that had seniority to us. This was a repeated pattern of actual fraud committed by the Debtor where she obtained the financial help of family members, and took advantage of them with no present intention to repay the debt.

Regarding this chapter 7 case, we did not have knowledge of the bankruptcy until after the deadline to object to discharge. Ms. Greene has always maintained over the years that she left us out of the chapter 7 case intentionally.

The Debtor's wrongful eviction of our lease to the Greenridge property destroyed our rental business that was providing income for us and for Ms. Greene. This makes it difficult for us to afford legal fees. The Debtor has a wealthy benefactor, Mark Attarah, paying her legal fees.

In 2012 at the time this chapter 7 was filed, Ms. Greene was receiving rental income of $3,000 per month from our lease of Greenridge. We have reviewed the schedules of this chapter 7 case, and can see that this income is not listed in the schedules. We have spreadsheets and financial records showing Ms. Greene received this income. These records have been produced to Ms. Greene's current bankruptcy counsel in discovery in the chapter 13 case.

The debt Ms. Greene owed to us was not included in her bankruptcy case number 10-73054, filed 11/11/2010, which was a skeleton chapter 13 that was dismissed without progressing. Nor was our claim listed in the second bankruptcy case (this one), 12-49009, filed 11/06/2012. The third is the Debtor's current open chapter 13 case 17-41704, filed 6/30/2017.

Exhibit A attached to this Opposition is a true and correct copy of an email chain from Ms. Greene where she states that she purposely did not include us in this chapter 7 case.

It has been 10 years since the original contract. We have been prejudiced by the delay caused by Ms. Greene willfully omitting us from the schedules and telling us that the bankruptcy did not include us. The prejudice is that it is now difficult or impossible to obtain all the evidence to support a nondischargeability claim for fraud. Just since learning about the Debtor reopening this case, we have found in our investigations of this matter that witnesses have forgotten facts, we can't find other witnesses, one major witness has died, and documents and emails from old email accounts are lost or inaccessible. Many of Ms. Greene's fraudulent misrepresentations about existing facts had to do with the construction and remodeling of the Greenridge property. Specifically, she represented that her prior remodeling efforts were up to code, but it turned out later when we got started investing our money in the project that it was not up to code. We had to deal with many subcontractors and government agents to finish remodeling. Now 10 years later it will be virtually impossible to track down all the witnesses and workers to testify about the state of the construction project.

We declare, under penalty of perjury, that this is true and correct to the best of our knowledge. This declaration was executed on the following date at Oakland, California.

Dated: 2/21/2018 /s/ Bosco Kante
Bosco Kante
Creditor

Dated: 2/21/2018 /s/ Mava Kante
Mava Kante
Creditor

3